McKinney, J.,
delivered the opinion of the court.
On the 22nd February 1850, a distress warrant was issued by the Recorder of the “ Mayor and Aldermen of the city of Nashville” against Dyer Pearl & Company, for “ exercising the privilege of keeping a broker’s office within the corporation, without having obtained a license from the corporation.”
This ordinance was issued under the authority of an ordinance or by-law of the corporation, similar, in substance, in its provisions, to the act of the General Assembly of 1847-8, ch. 3, sec. 5.
The warrant runs in the name of the “ Corporation of Nashville.” The constable of the corporation, by virtue of said warrant, levied on certain bank notes, the property of said defendant Pearl, amounting to $110 00, that being the sum he was commanded to distrain for.
On the defendant’s petition to a Circuit Judge, the warrant was superseded, and removed into the circuit court by writ of certiorari; and at the return term was quashed upon his motion. The corporation appealed in error to this court.
For the defendant it is urged that the warrant was properly quashed for several reasons; one of which we think ample without noticing others, to maintain the judgment of the circuit court, namely, that the warrant is in the name of the corporation. The constitution of this State, (art 6, sec. 12) requires, that “ all writs, and other process, shall run in the *251 name of the State of Tennessee.” This requirement applies to all process, civil or criminal, issued by any court or tribunal established by law having authority to issue process; to process issued under a valid corporation ordinance, or by-law, as much as to process from a court of record, or Justice of the Peace. The warrant in the present case, is a “process” in the legal sense, and also in the sense of the constitution ; a process, too, not only more summary, but of greater combined force and efficacy, than any other known to our practice in civil proceedings. By force of this peculiar process alone, without notice, suit, or judgment, the property of the person against whom it issues, may be seized and sold by the officer; thus uniting and concentrating in one, all the essential objects and ends of both original and final process. This process is of a character entitled to no particular favor. In its issuance, as well as in its substantial forms, and mode of execution, there must be a strict compliance with the requirements of the law. Such warrant must run in the name of the State, and for this defect it was properly quashed.
But' it is argued for the corporation, that the circuit court had no jurisdiction of the matter, and therefore the judgment ought to be arrested. The argument is, that this is not a case for a certiorari; that the proceeding was not of a judicial nature; that there was no suit or cause pending between the parties, to be removed. That the distress warrant is, in effect, only a notice or direction to the constable, to discharge a duty imposed by an ordinance of the corporation, not returnable before any court, or judicial officer, and is ministerial, and not judicial, in its character.
The authorities relied on establish very clearly that, in England, the certiorari would not lie in such a case as this ; but they do not apply here. From the earliest period of our judicial history, the certiorari has had given to it a much more extended application than in England; and it has been used for *252 purposes wholly unknown to the common law. It has been adopted, with us, as the almost universal method by which the circuit courts, as courts of general jurisdiction, both civil and criminal, exercise control over all inferior jurisdictions, however constituted, and whatever their course of proceeding; as well where they have attempted to exercise a jurisdiction not conferred, as where there has been an irregular or erroneous exercise of jurisdiction; and in criminal proceedings as well as in civil. Instead of restricting the use of the certiorari to the proceedings of inferior courts, whose proceedings are not according to the course of the common law, and where, for that reason, a writ of error will not lie, it is held that it lies to remove the proceedings of all tribunals exercising jurisdiction under statutory regulations, whether in a summary way, or by a mode of proceeding not according to common law forms. 2 Ten. Rep. 181, 4 Hayw. R. 54-69. Hence it has been used to remove into the circuit court the proceedings of a court martial. Ibid. And we have recently held, that it will lie to remove the order and judgment of a justice improperly discharging the defendant on a peace-warrant. So it will lie to remove the proceedings in administration or probate cases. 2 Hum. 30. It is likewise used as a substitute for an appeal; also as a substitute for the audita querela; and for other purposes unknown to the law of England. And in the present case we perceive no sufficient reason why it should not be held to have been properly applied. That the usual remedy, by the common law, in cases of wrongful distress, is an action of trespass or replevin, or that either of these remedies might be resorted to here, does not by any means establish the conclusion that the certiorari under its enlarged remedial operation by our law will not lie in a case like the present. We hold that it will; and are of opinion, therefore, that there is no error in the judgment of the circuit court.